IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NATALYA V. KHIMICH,<br><br>         Plaintiff,<br>   v.<br><br>OREGON HEALTH & SCIENCE UNIVERSITY and DOES 1-50,<br><br>         Defendants. | Case No.: 3:23-cv-01239-YY<br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Youlee Yim You issued a Findings and Recommendation ("F&R") in this case on June 3, 2024 in which she recommended granting defendant's motion to dismiss. Plaintiff timely filed objections to the F&R. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Plaintiff Natalya V. Khimich brought this action against defendants Oregon Health & Science University ("OHSU") and Does 1-50 (the "Doe defendants"), in their official and individual

1

capacities, alleging a failure to accommodate religious beliefs and religious discrimination in violation of Title VII, 42 U.S.C. § 2000e-2, against OHSU and violation of constitutionally protected freedom of religion pursuant to 42 U.S.C. § 1983 against the Doe defendants.  Plaintiff, a registered nurse who was employed by OHSU in a pre-surgical unit, alleges that when Oregon made COVID-19 vaccinations mandatory for healthcare workers in late 2021, OHSU denied her vaccine exemption request, placed her on unpaid leave, and ultimately terminated her employment. Am. Compl., ECF [12], ¶¶ 1-2, 12-28, 33-34.  Plaintiff alleges that the Doe defendants are members of OHSU's Vaccine Exemption Review Committee ("VERC") and that they "did not assert that OHSU could not accommodate her sincerely held religious beliefs due to undue hardship[,]" but rather "deemed several religious beliefs Plaintiffs [sic] had asserted to be unworthy of accommodation," violating her right to free exercise of religion. *Id.* ¶¶ 3-4, 29.

Defendants moved to dismiss plaintiff's 42 U.S.C. § 1983 claim against the Doe defendants on the basis of qualified immunity.  Mot. to Dismiss, ECF [8].  Judge You found that plaintiff failed to establish that the Doe defendants violated a clearly established right and that qualified immunity therefore barred plaintiff's 42 U.S.C. § 1983 claim against the Doe defendants.  Am. F&R, ECF [19], at 13.  Assessing plaintiff's claims for damages and injunctive relief, Judge You found that although qualified immunity only bars claims for damages, it was not apparent from the complaint that the Doe defendants had any authority to respond to the injunctive relief.  *Id.*  Accordingly, Judge You recommended that to the extent plaintiff seeks declaratory and injunctive relief, those claims be dismissed without prejudice, while the damages claims should be dismissed with prejudice. *Id.* at 14.[1]

Plaintiff first objects to the standard of review Judge You employed.  While generally agreeing with the F&R's statement of the legal standard for a motion to dismiss, plaintiff argues that it "does not go far enough" because under Federal Rule of Civil Procedure 8.2(a)(2), plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Pl. Objs., ECF [21], at

---

[1] The motion to dismiss was filed before the amended complaint.  Defendant consented to the amendment and, because the changes were minor, did not move to amend its existing arguments.  Notice, ECF [13], at 2.  Judge You construed the motion to dismiss as a renewed motion to dismiss the amended complaint.  F&R 2 n.1.  No party objected, and this Court does the same.

2

2. Upon review, the Court finds that Judge You correctly stated the legal standard for a motion to dismiss as promulgated by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which interpreted the pleading requirements cited by plaintiff.

Plaintiff argues that "it is not always appropriate for courts to resolve qualified immunity cases dealing with constitutional issues." Pl. Objs. 3. Relatedly, plaintiff suggests that Judge You held plaintiff to a higher pleading standard than *Iqbal* and *Twombly* when she found that plaintiff did not show that the Doe defendants violated a clearly established right. Plaintiff asserts that she is not required to prove anything and is only required to put forth allegations. *Id*. 6-7.

A defendant is permitted to raise qualified immunity as an affirmative defense in a motion to dismiss for failure to state a claim. *See, e.g.*, *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016). If raised, dismissal is appropriate if the court can determine, on the face of the complaint, that qualified immunity applies. *Id.* (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir.2001)). Plaintiff bears the burden of showing whether there was a clearly established right. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). Courts should "resolv[e] immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Defendants having raised the defense of qualified immunity, Judge You properly considered whether the allegations in the first amended complaint plausibly stated a claim and whether that claim asserted a violation of a clearly established right.

Finally, plaintiff argues that the F&R erred because clearly established law at the time of plaintiff's termination "protected Plaintiff's religious beliefs and no reasonable official in the Doe Defendants' position would have believed that their conduct was lawful." Pl. Objs. 7. More specifically, she argues that the F&R erroneously narrowed the protected right and that there is a "long-recognized, constitutionally protected right at issue here that a government official cannot force a religious plaintiff to violate their sincerely held religious [sic] by 'participating' in abortion." *Id.* at 8. Plaintiff accuses Judge You of "purposefully" narrowing the protected right "so as to reach the result that the Magistrate Judge wants – absolution of Defendants." *Id.* at 8.

Judge You does no such thing. In her well-reasoned and thorough F&R, Judge You

3

carefully considers each case cited by plaintiff in support of her argument that existing law is clearly established for qualified immunity purposes. "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "In other words, existing law must have placed the [un]constitutionality of the officer's conduct 'beyond debate.'" *Polanco v. Diaz*, 76 F.4th 918, 930 (9th Cir. 2023) (alteration in original) (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)), *cert. denied*, 144 S. Ct. 2519 (2024), and *cert. denied*, 144 S. Ct. 2520 (2024). A law is clearly established if it is "settled law," meaning "it is dictated by controlling authority or a robust consensus of cases of persuasive authority[.]" *Wesby*, 583 U.S. at 589 (internal citations and quotation marks omitted).

In her objections, plaintiff cites many of the same cases she cited in her responsive briefing and which were addressed in the F&R to support her argument that the law recognizes a right to abstain from "participating" in abortion. Pl. Objs. 7. Plaintiff argues that the acknowledgement of religious opposition to abortion procedures established in *Roe v. Wade*, 410 U.S. 113 (1973) (overruled by *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022)) and *Doe v. Bolton*, 410 U.S. 179 (1983), should be extended to a much broader constitutional right than that defined in the cases cited. For law to be settled such that it defines a clearly established right, however, it must be "dictated by controlling authority or a robust consensus of cases of persuasive authority[.]" *Wesby*, 583 U.S. at 589 (internal citations and quotation marks omitted). Plaintiff has not met this burden. For the same reason, plaintiff's arguments regarding cases analyzing the Religious Freedom Restoration Act ("RFRA") and compelled speech are unavailing. As Judge You explained, the issues presented are "not novel;" on at least five other occasions judges in this district have found that plaintiffs did not provide precedent showing that the same Doe defendants would not have been on notice that their conduct violated a clearly established right and dismissed claims on the basis of qualified immunity. Am. F&R 11; *see Trusov v. Or. Health & Sci. Univ.*, No. 3:23-cv-77-SI, 2023 WL 6147251, at *9-10 (D. Or. Sep. 20, 2023); *Mathisen v. Or. Health & Sci. Univ.*, No. 3:22-cv-1250-SI, 2023 WL 6147099, at *9 (D. Or. Sept. 20, 2023); *Jimenez-Mendez v. Or.*

4

*Health & Sci. Univ.*, No. 3:23-cv-01190-IM, 2024 WL 326598, at *7 (D. Or. Jan. 29, 2024); *Hancock v. Or. Health & Sci. Univ.*, No. 3:22-cv-01254-AN, 2024 WL 493715, at *6 (D. Or. Feb. 8, 2024); *Babiy v. Or. Health & Sci. Univ.*, No. 3:23-cv-01562-HZ, 2024 WL 1770485, at *7 (D. Or. Apr. 22, 2024).

For the foregoing reasons, the Court ADOPTS Judge You's Amended Findings and Recommendation, ECF [19]. Defendants' Motion to Dismiss, ECF [8], is GRANTED. Plaintiff's claim for damages against the Doe defendants is dismissed with prejudice. To the extent that plaintiff seeks declaratory and injunctive relief in the context of her 42 U.S.C. § 1983 claim against the Doe defendants, that claim is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 24th day of September, 2024.

Adrienne Nelson
United States District Judge